MANGUAL, APPELLANT, v. REGISTRAR OF CAGUAS, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Dominion title Judgment.

No. 445.—Decided December 15, 1919.

RECORD OF TITLE—DOMINION TITLE—CIVIL STATUS—CURABLE DEFECT.—Failure to mention in a dominion title judgment the civil status of the petitioner at the time he acquired the property is not a defect which prevents the record of the judgment in the registry of property, for such an omission is merely a curable defect.

The facts are stated in the opinion.

*Mr. Andrés Mena* for the appellant.

The respondent appeared by brief.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

Demetrio Mangual Jiménez, married to Benita Vergara, instituted proceedings in the District Court of Humacao to establish the ownership of a property of 36.50 acres situated in the ward of Turabo of the municipality of Caguas. The said court approved the proceedings by a judgment of April 23, 1918, and ordered that the ownership title to the property be recorded in the Registry of Property of Caguas in the name of Demetrio Mangual Jiménez, but on November 4 of the present year the registrar refused to record it on the ground that the civil status of Mangual Jiménez when he acquired the property does not appear from the judgment and was not shown by the evidence.

An appeal has been taken to this court from that decision.

The judgment of the District Court of Humacao shows that Demetrio Mangual Jiménez was married to Benita Vergara when he instituted the dominion title proceeding and that he acquired by purchase the different parcels of land composing the said property, but it does not show what was his civil status when he made the several purchases. The question involved in this appeal was considered and decided by this court in the case of *Ramos* v. *Registrar of Property*, 16 P. R. R. 57, in which we held that a judgment was record-

able although it did not show the civil status of the party when he acquired the property, and in a latter case, that of *Vega v. Registrar of San Germán,* 23 P. R. R. 742, the same was held.

Therefore, failure to state the civil status of the petitioner at the time of the acquisition is not a defect which prevents the record in the registry of a dominion title judgment; but such failure is a curable defect, as held by this court in *Rivera v. Registrar of Guayama,* 26 P. R. R. 565.

The decision appealed from must be reversed and the record ordered, but with the curable defect of failure to show the civil status of Demetrio Mangual Jiménez when he acquired the property.

*Reversed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.